CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/1/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:20-cr-00020 |
| v. | ORDER |
| CHRISTOPHER MICHAEL WHITMER, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

The Court is in receipt of Defendant's motion requesting early termination of supervised release, Dkt. 4. In October of 2019, Defendant pled guilty to conspiracy to transport an undocumented alien. Dkt. 1-2 (criminal judgment). He was subsequently sentenced to 12 months and one day of incarceration and three years of supervised release. *Id*. He was released in May of 2020 and has now completed two-thirds of his term of supervision. Dkt. 4 p. 3.

"All post-sentencing changes to the terms of a defendant's supervised release are governed by 18 U.S.C. § 3583(e)." *United States v. Etheridge*, 999 F. Supp. 2d 192, 194 (D.D.C. 2013). Section 3583(e)(1) allows the Court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Court is to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). Section 3583(e) thus "allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). But § 3583(e) "is not exclusively limited to considerations of

conduct," and "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* at 283.

After consulting with Defendant's probation officer and reviewing the record in his case, the Court finds that over one year has passed since Defendant's release from incarceration, he is no longer in need of supervised release, and his release would be in the interest of justice. As put forth in his motion and verified by his probation officer, Defendant has maintained good conduct, has stable housing and employment, and has complied with all terms of his supervision. The probation officer noted that Defendant is on administrative supervision, involving the most minimal oversight, because he is in the lowest risk category according to their metrics.

Generally, "full compliance with the terms of supervised release is what is expected of a person under the magnifying lens of supervised release and does not warrant early termination." *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (citations omitted). But given the probation officer's experience and recommendation, the Court is satisfied that Defendant's individual conduct since his release from prison, coupled with the interest of justice, sufficiently warrants the early termination of his supervised release term.

Accordingly, the motion, Dkt. 4, is **GRANTED** and Defendant is **DISCHARGED** from supervised release. The Clerk of the Court is hereby directed to send a certified copy of this order to Defendant and all counsel of record.

It is so **ORDERED**.

Entered this \_\_1st\_\_ day of July 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE